**Opinion issued June 7, 2018**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

## NO. 01-18-00053-CR

———————————

**RAYMOND DANIEL HUCKABEE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 426th District Court**
**Bell County, Texas**
**Trial Court Case No. 76292**

## MEMORANDUM OPINION

Raymond Daniel Huckabee pleaded guilty to the offense of improper relations with a student and was sentenced to 6 years' imprisonment, but the sentence was suspended and Huckabee was placed on community supervision for 6 years. The State subsequently moved to revoke suspension of the sentence and the trial court

found true one of the State's allegations of a violation of the conditions of community supervision. The trial court imposed a sentence of 6 years' imprisonment and a $1,000.00 fine.

On appeal, Huckabee's appointed counsel has filed a motion to withdraw, along with a brief, stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel advised Huckabee of his right to access the record and provided him with a form motion for access to the record. Counsel further advised Huckabee of his right to file a pro se response to the *Anders* brief. Huckabee did not request access to the record and did not file a pro se response.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds

for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Attorney James H. Kreimeyer must immediately send Huckabee the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).